**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **NO.: CR 99-033-06T** |
| | : | |
| **RICHARD DION** | : | |

# MOTION TO HAVE INTEREST WAIVED PURSUANT TO JUDGMENT AND COMMITMENT ORDER

Now comes the Defendant, Richard A. Dion, by and through his attorney, William J. Murphy and respectfully request that this Court waive any interest that accrued during Defendant's incarceration.

Defendant's date of amended judgment was February 9, 2000. Defendant was committed to a term of imprisonment of sixty-three (63) months. In accordance with Schedule of Payments, Section E, "installments of Two Hundred Fifty-Two and 94/100 ($252.94) over a period of three (3) years to commence upon Defendant's release from imprisonment." See attached judgment P.6E.

The U.S. Attorney's office has mistakenly assessed Mr. Dion with interest during and throughout his incarceration. Mr. Dion has paid his assessment of Two Hundred Fifty-Two and 94/100 ($252.94) regularly since his release from prison on October 16, 2003. Mr. Dion respectfully requests this Court to correctly adjust and/or waive all interest that accrued during his incarceration. See attached Sentencing Transcript P.57, Line 21; P.58 Lines 1-12; and Amended Judgment P.6E.

This Motion is based strictly on a discrepancy in computation implemented by the United States Attorney's Office. It is not based on any legal or statutory mandates. Thus, we have purposely omitted any Memorandum of Law with this Motion.

Respectfully submitted,
Richard Dion,
By his Attorney,

William J. Murphy #4258
MURPHY & FAY, LLP
127 Dorrance Street – 2nd Floor
Providence, Rhode Island 02903
Telephone: 401-490-3200
Facsimile: 401-490-3207

**CERTIFICATION**

I, the undersigned hereby certify that I caused to be mailed, via first-class mail, postage prepaid, a true and accurate copy of the within Motion to Assistant United States Attorney, Donald Lockhart, Esquire, Fleet Center, 8th Floor, 50 Kennedy Plaza, Providence, Rhode Island 02903 on this 4th day of April, 2006.

# United States District Court

## District of Rhode Island

UNITED STATES OF AMERICA
v.
RICHARD A. DION

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR99-0032-01T

**William J. Murphy**
Defendant's Attorney

**Date of Original Judgement:** 2/9/00
(or Date of Last Amended Judgement)

**Reason for Amendment:**

[] Correction of Ssentence on Remand (Fed. R. Crim. P. 32(a))

[] Reduction of Sentence for Charged Circumstance (Fed. R. Crim. P. 35(b))

[] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

[✔] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

[] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

[] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

[] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

[] Direct Motion to District Court Pursuant to:
[] 28 U.S.C. § 2255, [] 18 U.S.C. § 3559(c)(7), or

[] Modification of Restitution Order

## THE DEFENDANT:

[✔] pleaded guilty to count(s): 2,3,4,5,6 of the Indictment .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21USC841(a)(1) | distribution of cocaine | 3/27/98 | 2 |
| 21USC841(a)(1) | distribution of cocaine | 4/9/98 | 3 |
| 21USC841(a)(1) | distribution of cocaine | 4/9/98 | 4 |
| 21USC841(a)(1) | distribution of cocaine | 4/16/98 | 5 |
| 21USC841(a)(1) | distribution of cocaine | 4/22/98 | 6 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔] Count(s) 1 (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: [redacted]

Defendant's Date of Birth: [redacted]

Defendant's USM No.: [redacted]

Defendant's Residence Address:
[redacted]

Defendant's Mailing Address:
[redacted]

Attest as True Copy
DAVID A. DIMARZIO
BY ________ Deputy Clerk

January 27, 2000
Date of Imposition of Judgment

Ernest C. Torres
Signature of Judicial Officer

ERNEST C. TORRES, Chief United States District Judge
Name & Title of Judicial Officer

3/22/00
Date

30

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **63 months** .

**Imprisonment imposed as to counts 1,17 and 19 to be served concurrently with each other. Said term of imprisonment to be served concurrently with term imposed on CR99-0032-01T**

[✔] The court makes the following recommendations to the Bureau of Prisons:
**The defendant be placed in a facility where substance abuse and gambling addiction treatment is available.**

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ______________________ to ______________________

at ______________________, with a certified copy of this judgment.

______________________
UNITED STATES MARSHAL

By ______________________
Deputy U.S. Marshal

CASE NUMBER: CR99-0032-01T
DEFENDANT: RICHARD A. DION



## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

**Imposed on counts 2,3,4,5 and 6, to be served concurrently with each count. Said term of supervised release to be served concurrently with terms imposed on CR99-0033-06T**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

Defendant will participate in substance abuse and gambling abuse treatment.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 500.00 | $ 9,205.48 | $ |

[ ] If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ 9,105.48 .

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ] The interest requirement is waived.

[ ] The interest requirement is modified as follows:

# RESTITUTION

[ ] The determination of restitution is deferred until . An amended Judgment in a Criminal Case will be entered after such determination.

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| | TOTALS: | $ ____ | $____ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: CR99-0032-01
DEFENDANT: RICHARD A. DION



# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [✔] in full immediately; or

B [ ] $ _ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than _ ; or

D [ ] in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [✔] in _ (e.g. equal, weekly, monthly, quarterly) installments of $ 252.94 over a period of 3 year(s) to commence upon defendant's release from imprisonment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Fine as to count 2 in the amount of $100.00 and defendant to pay cost of supervised release**

[ ] Joint and Several

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States Attorney.

THURSDAY, JANUARY 27, 2000
SENTENCING - PART II

briefly, we are obligated to recommend 63 months. This has been a difficult case. I think it goes without saying that it's hard to imagine how a young man such as this Defendant got himself into so much trouble after apparently having a potential career in law enforcement himself. I think the 63 month level, Your Honor, will provide adequate protection in the community. It will give Mr. Dion some time to think, to retrain himself for a productive life, and I do think that the bottom of the guideline range would be a fair sentence.

THE COURT: All right. Mr. Dion, would you stand up, please, while the Court pronounces sentence.

(DEFENDANT COMPLIES)

THE COURT: I will say I was very impressed by your statement, Mr. Dion. I have no way of being able to look into your heart or mind to know how sincere you are, but you struck me as being very sincere in what you said. And the person that I heard make that statement doesn't seem to quite fit the person that is portrayed in all the information relating to this case. Even if you are sincere, you are absolutely correct

THURSDAY, JANUARY 27, 2000
SENTENCING - PART II

that this may be, oddly enough, one of the best things to happen in your life because it may have saved you from a much worse fate. You're young enough that you have a chance to turn things around if that's really what you intend to do.

I'm going to go along with the recommendation that you be given the minimum sentence under the guidelines. I hereby commit you to the custody of the Bureau of Prisons for a period of 63 months on each of the counts of conviction in both cases, Counts Two through Six in the case Number 99-032 and Counts One, Seventeen and Nineteen in the case Number 99-033. Those sentences will be served concurrently with one another.

Following the completion -- I will ask the Clerk to also note on the judgment form the Court's recommendation that Mr. Dion be assigned to an institution that has a program of drug abuse and gambling treatment and counseling.

Following the completion of your sentence, I place you on supervised release for a period of three years on each of the counts of conviction. Those terms also to be served concurrently with one another. As conditions of

THURSDAY, JANUARY 27, 2000
SENTENCING - PART II

your supervised release, I will require, first of all, that you pay the cost of supervision. I realize you don't have much in the way of assets now. I'm not going to impose much of a fine, but when you are released from prison, there's no reason why someone who's able-bodied and of the intelligence that you obviously possess cannot obtain employment and relieve the taxpayers of the burden of paying for your supervision. In fact, I think it's an important part of your rehabilitation, that you gain employment and that will give you incentive to do so.

As a further condition of your supervised release will be that, if it's determined necessary by the Probation Department that you will continue to undergo a program of counseling and treatment for gambling and drug abuse, if you haven't already licked that problem during your time in prison, which I hope you will.

I will impose a fine in the amount of one hundred dollars on each of the counts of -- excuse me, on Count Two in case 99-032 and Count One in case 99-033. I will not impose a fine on any other counts because the

presentence report indicates that you don't have much in the way of assets now, and that would only be a punishment against your family.

I am required to impose a special assessment in the amount of one hundred dollars on each of the counts of conviction in both cases. So, that's seven hundred dollars, is that correct?

MR. GALE: Eight hundred dollars, Your Honor.

MR. MURPHY: Eight hundred.

THE COURT: Eight hundred dollars. All right. You may be seated, Mr. Dion.

(DEFENDANT COMPLIES)

THE COURT: You have the right to appeal your sentence, Mr. Dion, because even though you plead guilty, the Court did reject your argument or your counsel's argument that there should have been a downward adjustment for your role in the offense. Arguments were also made that you should have had a downward departure. I don't believe you have any grounds to appeal that, but you talk with Mr. Murphy about that after, and if he thinks otherwise, he can so advise you. I should tell you that if you

THURSDAY, JANUARY 27, 2000
SENTENCING - PART II

do decide that you wish to appeal, if there's anything here to appeal, you must file a notice of appeal within ten days. If you don't file a notice of appeal within that time, you will be considered to have forfeited your right to appeal. You understand what I'm saying?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I'm going to have the Clerk give to you and Mr. Murphy letters that have already been drafted. Your letter simply states that you have instructed your attorney that you wish to appeal. And if you decide that that's what you want to do, you should sign that letter within the ten-day period, drop it in the mail so it'll come back to the Court, and the Court will know that you have told Mr. Murphy that you wish to take an appeal. If we don't get the letter from you within the ten days or shortly thereafter, then that will be an indication that you decided that you did not wish to appeal.

Mr. Murphy will be furnished with a letter that I'm sure you've seen before.

MR. MURPHY: Yes, I have, Judge.

THE COURT: And your letter, if

THURSDAY, JANUARY 27, 2000
SENTENCING - PART II

you discuss this with Mr. Dion and he decides he doesn't wish to appeal, then you should send that letter back to the Court within ten days. If, on the other hand, he decides he does want to appeal, then it would be your obligation to file a notice of appeal in his behalf within the ten-day period.

All right. Do you have anything further, Mr. Gale?

MR. GALE: I have two motions, Your Honor. I believe the Clerk has the original of the Government's motion to dismiss counts, those counts which were not subject to the plea agreement. They are specified in the document, and we would so move that those counts be, pursuant to the plea agreement, dismissed.

THE COURT: I take it there's no objection to that, Mr. Murphy?

MR. MURPHY: No objection, Judge.

THE COURT: All right. The motion to dismiss the remaining counts is granted. Do you have anything else, Mr. Gale?

MR. GALE: Yes, Your Honor. During the past two weeks, in particular, the Government supplied a vast array of both

THURSDAY, JANUARY 27, 2000
SENTENCING - PART II

documentary and audio tape-type discovery. Some of it voluntarily and some of it pursuant to the Court's instructions. I am asking the Court to order the return of the two categories, and I can put this in writing as well, should the Court wish that.

There are three sets of tapes. The original discovery last April provided tape recordings of Robert Atamian and this Defendant relative to germane issues, as well as other tapes in which this Defendant's voice appeared. We're not asking for those back. Those go directly to the cases which have now been resolved. What we're asking for are the 39 tape recordings, I believe in number, which are the tape recordings and logs relative to the electronic surveillance conducted in Johnston where the lead Defendant was Anthony St. Laurent. Those tapes have all kinds of very sensitive information, hardly any of which pertains to this Defendant and certainly none of that was used in support of the Defendant's motions and argument before the Court at sentencing.

Likewise, more recently, we provided about an additional 26 tapes on which

THURSDAY, JANUARY 27, 2000
SENTENCING - PART II

the Defendant's voice appears nowhere. That is other investigative activity conducted by the FBI involving Mr. St. Laurent or Mr. Atamian or somebody else other than this Defendant. Again, none of those tapes were used relative to the sentencing hearing. Again, they have sensitive information on them, and I think they should be returned to the Government.

THE COURT: Who has them now?

MR. GALE: Mr. Murphy.

MR. MURPHY: Judge, I have them. If Agent Doherty wants to come over, say nine o'clock tomorrow morning, they'll all be put in separate boxes. As long as I can keep the ones that were specifically to Mr. Dion, I have no problems giving them back to Agent Doherty.

THE COURT: The Court will instruct you, then, to return those tapes, Mr. Murphy, with the caveat, Mr. Gale, that those tapes should be preserved in the event, which it may not be very likely one, that somehow this issue is raised on appeal or otherwise, the tapes ought to be available for the Court of Appeals if that were necessary.

MR. GALE: I can assure the Court

THURSDAY, JANUARY 27, 2000
SENTENCING - PART II

they will be maintained that way. They are not the originals, in any event, and the originals will be maintained for not less than ten years.

THE COURT: All right. Is there anything else?

MR. MURPHY: No, Your Honor.

MR. GALE: No, Your Honor.

THE COURT: All right. We'll take a brief recess and, then, if Magistrate Judge Hagopian and his group wants to stay around, I'll come back on the bench and be happy to answer any questions that they might have.

THE CLERK: All rise.

(COURT ADJOURNED)