IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) Case No.: CR99-0033-06T
) CR99-0032-01T[1]
Richard A. Dion, )
Defendant )

**RESPONSE TO DEFENDANT'S MOTION TO HAVE INTEREST WAIVED PURSUANT TO JUDGMENT AND COMMITMENT ORDER**

Now comes the United States of America, by and through its undersigned attorneys, and responds to the defendant's Motion to Have Interest Waived Pursuant to Judgment and Commitment Order as follows:

**Sentence and Payment History**

On January 27, 2000, the defendant, Richard Dion, pled guilty to Counts 1, 17, and 19 of the superseding indictment in Case Number CR 99-0033-06T, charging him with Rico Conspiracy in violation of 18 U.S.C. § 1962 (d), Extortion in violation of 18 U.S.C. § 894 and 2, Interference with commerce by Threat or Violence in violation of 18 U.S.C. § 1951.

On the same day, the defendant, Richard Dion, pled guilty to Counts 2 through 6 of the superseding indictment in Case Number

---

[1] Defendant's Motion was filed under case number, CR 99-033-06T. However, the monetary imposition in that case, entered on January 27, 2000, included a $300 assessment and $100 fine. On the same day, the defendant was sentenced in case number CR99-0032-01T and in that case the court imposed a $500 assessment plus the fine in the amount of $9,205.48 for the cost of supervised release. The latter fine is the subject of the defendant's motion. Therefore, the correct court number for this motion is CR99-0032-01T.

CR 99-0032-01T, charging him with Distribution of Cocaine in violation of 21 U.S.C. § 641 (a)(1) and (b)(1)(C).

The Court sentenced the defendant to a total of 63 months of imprisonment to be followed by a period of 3 years of supervised release. In addition to the $800.00 total mandatory special assessment, the Court ordered that the defendant pay a fine of $100.00 in each case. Additionally, in case number CR 99-0032-01T the court ordered the defendant to pay a fine in the amount of $9,105.48 to pay the cost of supervision. The Court did not waive interest, and specified that payment of the total fine was due "in full immediately"; or "in installments of $252.94 over a period of three years to commence upon defendants's release from imprisonment".

Pursuant to 18 U.S.C. § 3612(f), interest accrues on any fine of more than $2,500 unless the fine is paid in full before the fifteenth day after the date of judgment. Since the court imposed fine is greater than $2,500, and since the Judgement and Commitment Order indicated that the fine was due immediately, the interest on the fine began accruing at the rate of 6.287% on February 11, 2000.

Since his release, on October 16, 2003, the defendant has paid a total of $8,087.65. The defendant's most recent payment was posted on March 9, 2006. As of April 10, 2006, the $800 in special assessments and the two $100 fines have been paid in full. A total of $5,054.73 remains due on the $9,105.48 fine for the cost of supervised release.

**The Defendant's Motion**

The defendant's motion includes a copy of the sentencing transcript as well as a copy of the Judgement and Commitment Order for case number CR99-0032-01T. Page 5 of the Judgment and Commitment Order indicates that interest shall accrue on the $9,105.48 fine pursuant to 18 U.S.C. $3612(f). Page 6 indicates that payment is due in full immediately (line A) or in installments (line E). Based upon that information, interest began accruing on the fine at the rate of 6.287% on February 11, 2000, which is fifteen days after the due date.

Page 58 lines 1 through 12 of the sentencing transcript, however, indicates that the Court intended the fine for the cost of supervised release be paid after the defendant's release from prison. Given the Court's intent, interest accrual should have been stayed on the fine for the cost of supervised release until November 1, 2003, fifteen days from the defendant's release from incarceration. Additionally, interest should have accrued at the annual rate of 1.30% rather than 6.287%, since the interest rate is based upon the date that interest first became due.

The government has corrected its records. Accordingly, as of April 10, 2006, the total amount due on the fine for supervised release amounts to $2,181.90 including principal of $2,017.83 plus interest in the amount of $164.07. Interest will continue to accrue daily at the annual rate of 1.13% until the monetary portion of the underlying debt is satisfied in full.

**Conclusion**

Since the government has reviewed its interpretation of the Judgment and Commitment Order based upon the sentencing transcript and has adjusted its records to comply with the Court's intent, the defendant's request to correct the interest accrual is granted and the motion requesting the Court to waive interest is moot.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney
50 Kennedy Plaza, Eighth Floor
Providence, Rhode Island 02903
(401) 709-5000

GRANTED
Ernest C. Torres
Chief, US District Judge
5/2/06

CERTIFICATE OF SERVICE

I hereby certify that on the 12 day of April, 2006, I mailed a true copy of the foregoing response to defendant's Motion to Have Interest Waived Pursuant to Judgment and Commitment Order, via first class mail, postage prepaid, to William J. Murphy, Esq. Murphy & Fay, LLP, 127 Dorrance Street - 2nd Floor, Providence, Rhode Island 02903.